AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| SOUTHERN COAL SALES CORPORATION | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 7:12-cv-265 |
| | ) | |
| XCOAL ENERGY RESOURCES, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Virginia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Consol Energy, Inc., CNX Center, 1000 Consol Energy Drive, Canonsburg, PA 15317-6506

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE EXHIBIT A ATTACHED HERETO

| Place: Consol Energy, Inc., 1000 Consol Energy Drive, Canonsburg, PA 15317-6506 | Date and Time: November 12, 2012 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Southern Coal Sales Corporation_____, who issues or requests this subpoena, are:
Barry D. Hunter, Frost Brown Todd LLC, 250 West Main Street, Suite 2800, Lexington, KY 40507; (859) 231-0000; bhunter@fbtlaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:12-cv-265

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* **Consol Energy, Inc.**
was received by me on *(date)* **10/12/12**.

☒ I served the subpoena by delivering a copy to the named person as follows: **Matthew H. Huthnick, General Counsel for Consol Energy, Inc.**
on *(date)* **10/16/12**; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00**.

I declare under penalty of perjury that this information is true.

Date: **10/16/12**

_Cassandra Martin_
*Server's signature*

**Cassandra Martin, Process Server**
*Printed name and title*

**4250 Steubenville Pike, Pittsburgh, PA 15205**
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

The following terms have the following meanings in these interrogatories and document requests:

1. "Person" includes any individual, corporation, partnership, group, association, governmental entity, or any other entity or organization.

2. "Defendants" means Ernie L. Thrasher, Xcoal Energy & Resources, and Xcoal Energy & Resources, LLC, including their affiliates, subsidiaries, officers, directors, members, partners, and employees.

3. "Third Party" means Persons other than Plaintiff and Defendants.

4. The terms "regarding" "relating or pertaining to" and "concerning" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) referring to, concerning, constituting, defining, discussing, containing, construing, evidencing, corroborating, embodying, reflecting, stating, dealing with, or prepared as a result of.

5. Use of the singular form shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders. "And" and "or" shall be construed either disjunctively or conjunctively so as to permit the broadest scope possible.

6. "Document" means all writings or recordings of any kind in the form of pictures, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, including but not limited to, all electronic mail, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes or other writings, formal or informal in nature, accounting and financial records, diaries, minutes, agendas, publications, calendars, telephone pads, telephone logs, bulletins, directives, logs, listings, statements, telegrams, drafts, work papers, paper and magnetic tapes, computer disks and printouts, CD-Rom discs, electronically or magnetically stored information or data, microfiche, microfilm, charts, graphs, maps, schematics, videotapes, drawings, blueprints, topographical surveys and photographs, in your actual or constructive possession, custody or control or of which you have knowledge of the existence, and whether prepared, published or released by you or any other person or entity. Without limitation on the foregoing, the term "document" shall include any copy, which differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, marginal notes or any other variations.

7. "Communicate" or "communication" every disclosure or exchange, of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise.

8. "Identify" used in reference to a person means to state:

   (a) the person's full name and present or last known address;
   (b) the person's present or last known position and business affiliation; and
   (c) the person's position and business affiliation at the time in question.

9. "Identify" used in reference to a communication means to state:

   (a) its date;
   (b) the place where it occurred;
   (c) the type of communication (for example, telephone conversation, meeting, memorandum, photograph);
   (d) its substance;
   (e) the identity of the person who made it; and
   (f) the identity of each person who received it.

10. "Action" means the lawsuit captioned above, Case No. 7:12-cv-265, pending before United States District Court for the Western District of Virginia, Roanoke Division.

11. "Complaint" means the Complaint filed in the Action on or about June 18, 2012.

12. "Answer" means the Answer to Complaint filed in the Action on or about August 31, 2012.

13. "Counterclaim" means the Counterclaim filed in the Action on or about August 31, 2012.

14. "Purchase Order" refers collectively to the Purchase Orders attached as Exhibits A through G to the Counterclaim.

15. "Relevant Period" means the time between January 1, 2011 and the present.

16. "Southern Coal" means Southern Coal Sales Corporation, and its affiliates, parents, owners and subsidiaries, and their officers, directors, members, partners and employees, including but not limited to James C. Justice, II and companies owned by him.

17. "Thrasher" means Defendant Ernie L. Thrasher.

18. "Xcoal" means Xcoal Energy & Resources and Xcoal Energy & Resources, LLC, and their representatives, including but not limited to Thrasher.

19. "Consol" means Consol Energy, Inc. and its affiliates, subsidiaries and parent, and their officers, directors, members, representatives, employees and agents.

## DOCUMENTS TO BE PRODUCED

1. All documents relating or pertaining to Consol's sales to Xcoal during the Relevant Period.

2. All documents relating or pertaining to any agreement by Xcoal to act as agent for Consol made during the Relevant Period or covering (to be performed during) the Relevant Period.

3. All documents relating or pertaining to Consol's purchases from Xcoal during the Relevant Period.

4. All documents relating or pertaining to Consol's coal deliveries to Xcoal during the Relevant Period.

5. All documents relating or pertaining to Consol's receipts of coal from Xcoal during the Relevant Period.

6. All documents relating or pertaining to any communications between Xcoal, on the one hand, and Consol, on the other, concerning Southern Coal, including without limitation on the following subjects:

    a. any Purchase Order;

    b. any order, purchase, shipment, or delivery of coal from or by Southern Coal;

    c. any delivery delays;

    d. any quality issues;

    e. any payments made by Xcoal;

    f. any amounts claimed to be due and owing by Southern Coal;

    g. any failure to pay any amount alleged to be due and owing by Southern Coal;

    h. any rejection of any coal;

    i. any demurrage charges; and

    j. any other issue relating to any of the allegations, averments, or denials of the Complaint or the Answer or the Counterclaim.

7. All documents relating or pertaining to communication to which Xcoal was a party concerning Southern Coal, including, without limitation, on the following subjects:

3

       a.      any Purchase Order;

       b.      any order, purchase, shipment, or delivery of coal from or by Southern Coal;

       c.      any delivery delays;

       d.      any quality issues;

       e.      any payments made by Xcoal;

       f.      any amounts claimed to be due and owing by Southern Coal;

       g.      any failure to pay any amount alleged to be due and owing by Southern Coal;

       h.      any rejection of any coal;

       i.      any demurrage charges; and

       j.      any other issue relating to any of the allegations, averments, or denials of the Complaint or the Answer or the Counterclaim.

8.      All documents relating or pertaining to any other agreements between Xcoal and Consol made during the Relevant Period or covering (to be performed during) the Relevant Period.

LEXLibrary 0117369.0596493 527061v1