**EXHIBIT A**

### DEFINITIONS

The following terms have the following meanings in these interrogatories and document requests:

1. "Person" includes any individual, corporation, partnership, group, association, governmental entity, or any other entity or organization.

2. "Defendants" means Ernie L. Thrasher, Xcoal Energy & Resources, and Xcoal Energy & Resources, LLC, including their affiliates, subsidiaries, officers, directors, members, partners, and employees.

3. "Third Party" means Persons other than Plaintiff and Defendants.

4. The terms "regarding" "relating or pertaining to" and "concerning" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) referring to, concerning, constituting, defining, discussing, containing, construing, evidencing, corroborating, embodying, reflecting, stating, dealing with, or prepared as a result of.

5. Use of the singular form shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders. "And" and "or" shall be construed either disjunctively or conjunctively so as to permit the broadest scope possible.

6. "Document" means all writings or recordings of any kind in the form of pictures, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, including but not limited to, all electronic mail, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes or other writings, formal or informal in nature, accounting and financial records, diaries, minutes, agendas, publications, calendars, telephone pads, telephone logs, bulletins, directives, logs, listings, statements, telegrams, drafts, work papers, paper and magnetic tapes, computer disks and printouts, CD-Rom discs, electronically or magnetically stored information or data, microfiche, microfilm, charts, graphs, maps, schematics, videotapes, drawings, blueprints, topographical surveys and photographs, in your actual or constructive possession, custody or control or of which you have knowledge of the existence, and whether prepared, published or released by you or any other person or entity. Without limitation on the foregoing, the term "document" shall include any copy, which differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, marginal notes or any other variations.

7. "Communicate" or "communication" every disclosure or exchange, of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise.

8. "Identify" used in reference to a person means to state:

    (a) the person's full name and present or last known address;
    (b) the person's present or last known position and business affiliation; and
    (c) the person's position and business affiliation at the time in question.

9. "Identify" used in reference to a communication means to state:

    (a) its date;
    (b) the place where it occurred;
    (c) the type of communication (for example, telephone conversation, meeting, memorandum, photograph);
    (d) its substance;
    (e) the identity of the person who made it; and
    (f) the identity of each person who received it.

10. "Action" means the lawsuit captioned above, Case No. 7:12-cv-265, pending before United States District Court for the Western District of Virginia, Roanoke Division.

11. "Complaint" means the Complaint filed in the Action on or about June 18, 2012.

12. "Answer" means the Answer to Complaint filed in the Action on or about August 31, 2012.

13. "Counterclaim" means the Counterclaim filed in the Action on or about August 31, 2012.

14. "Purchase Order" refers collectively to the Purchase Orders attached as Exhibits A through G to the Counterclaim.

15. "Relevant Period" means the time between January 1, 2011 and ~~the present~~ December 31, 2012.

16. "Southern Coal" means Southern Coal Sales Corporation, and its affiliates, parents, owners and subsidiaries, and their officers, directors, members, partners and employees, including but not limited to James C. Justice, II and companies owned by him.

17. "Thrasher" means Defendant Ernie L. Thrasher.

18. "Xcoal" means Xcoal Energy & Resources and Xcoal Energy & Resources, LLC, and their representatives, including but not limited to Thrasher.

19. "Consol" means Consol Energy, Inc. and its affiliates, subsidiaries and parent, and their officers, directors, members, representatives, employees and agents.

2

**DOCUMENTS TO BE PRODUCED**

1. All documents relating or pertaining to Consol's sales to Xcoal during the Relevant Period.

2. All documents relating or pertaining to any agreement by Xcoal to act as agent for Consol made during the Relevant Period or covering (to be performed during) the Relevant Period.

3. All documents relating or pertaining to Consol's purchases from Xcoal during the Relevant Period.

4. All documents relating or pertaining to Consol's coal deliveries to Xcoal during the Relevant Period.

5. All documents relating or pertaining to Consol's receipts of coal from Xcoal during the Relevant Period.

6. All documents relating or pertaining to any communications between Xcoal, on the one hand, and Consol, on the other, concerning Southern Coal, including without limitation on the following subjects, *during the Relevant Period*:

    a. any Purchase Order;

    b. any order, purchase, shipment, or delivery of coal from or by Southern Coal;

    c. any delivery delays;

    d. any quality issues;

    e. any payments made by Xcoal;

    f. any amounts claimed to be due and owing by Southern Coal;

    g. any failure to pay any amount alleged to be due and owing by Southern Coal;

    h. any rejection of any coal; *and*

    i. any demurrage charges*.*

    j. ~~any other issue relating to any of the allegations, averments, or denials of the Complaint or the Answer or the Counterclaim.~~

7. All documents relating or pertaining to communication to which Xcoal was a party concerning Southern Coal, including, without limitation, on the following subjects, *during the Relevant Period*:

3

    a.    any Purchase Order;

    b.    any order, purchase, shipment, or delivery of coal from or by Southern Coal;

    c.    any delivery delays;

    d.    any quality issues;

    e.    any payments made by Xcoal;

    f.    any amounts claimed to be due and owing by Southern Coal;

    g.    any failure to pay any amount alleged to be due and owing by Southern Coal;

    h.    any rejection of any coal; ~~and~~

    i.    any demurrage charges~~;~~ ~~and~~

    j.    ~~any other issue relating to any of~~ the ~~allegations, averments, or denials of~~ the Complaint or the Answer ~~or the Counterclaim.~~

8.    All documents relating or pertaining to any other agreements between Xcoal and Consol made during the Relevant Period or covering (to be performed during) the Relevant Period.